UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

HOWARD LEE LEACH                                                                                      PETITIONER
ADC #111353

V.                              Case No. 4:23-CV-00951-LPR-BBM

STATE OF ARKANSAS                                                                                   RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

**I.     INTRODUCTION**

On October 6, 2023, Petitioner Howard Lee Leach ("Leach"), who is currently incarcerated in the East Arkansas Regional Unit of the Arkansas Division of Correction, filed what appears to be his sixth Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his state-court convictions for forgery and first-degree sexual

abuse. (Doc. 2).[1] For the reasons discussed below, the Court recommends that this action be dismissed, *sua sponte*, for lack of subject matter jurisdiction. 28 U.S.C. § 2244(b)(3)(A).

## II. PROCEDURAL HISTORY

On March 2, 2000, Leach entered a plea of guilty in the Circuit Court of Washington County, Arkansas, to violating the terms of his suspended sentence on six counts of forgery in Case No. 72CR-96-1752A, and one count of forgery in Case No. 72CR-97-973A.[2] At that time, he also pleaded guilty to one count of first-degree sexual abuse in Case No. 72CR-99-1853A.[3] Leach received consecutive five-year sentences on each of the seven forgery convictions and a concurrent suspended five-year sentence for the first-degree sexual-abuse conviction, resulting in a 35-year sentence of imprisonment.[4]

On March 14, 2000, Leach filed a habeas petition, challenging those convictions in the United States District Court for the Western District of Arkansas. The district court dismissed the action without prejudice for failure to exhaust state court remedies. *See Howard Lee Leach v. Larry Norris*, Case No. 5:00-CV-05076-JLH (W.D. Ark. May 15, 2000). The Eighth Circuit denied Leach's Application for a Certificate of Appealability related to his March 2000 habeas petition. *See Howard Lee Leach v. Larry Norris,* No. 02-

---

[1] Leach also filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 1), a Motion for Scientific DNA Testing (Doc. 5), and a Motion for Summary Judgment (Doc. 6). Because the Court lacks jurisdiction over this action, the Court recommends the dismissal of all pending motions as moot.

[2] *See* Judgment and Commitment Orders*, State v. Howard Lee Leach*, Nos. 72CR-96-1752A, 72CR-97-973A, and 72CR-99-1853A, Circuit Court of Washington County, Arkansas, dated Mar. 2, 2000 (court records publicly available at "CourtConnect" on the Arkansas Judiciary's homepage: caseinfo.arcourts.gov (last visited Jan. 2, 2024)).

[3] *Id*.

[4] *Id*.

3144 (8th Cir. Oct. 4, 2002). Subsequently, Leach filed at least four separate habeas petitions in the United States District Court for the Western District of Arkansas. The district court dismissed each petition. The Court lists each case below:

(1) *Howard Lee Leach v. Larry Norris, Director of Arkansas Department of Correction,* Case No. 5:01-CV-05143-JLH (W.D. Ark. Jan 7, 2002);

(2) *Howard Lee Leach v. Larry Norris, Director of Arkansas Department of Correction*, Case No. 5:02-CV-05082-JLH (W.D. Ark. Jul. 24, 2002);

(3) *Howard Lee Leach v. Ray Hobbs*, *Director, Arkansas Department of Corrections*, Case No. 5:11-CV-05074-JLH (W.D. Ark. Jan 3, 2012); and

(4) *Howard Lee Leach v. State of Arkansas,* Case No. 5:16-CV-05202-PKH (W.D. Ark. Dec. 20, 2016).

In addition to his district court habeas petitions, Leach filed at least two applications before the Eighth Circuit Court of Appeals, seeking permission to file a second or successive habeas petition. The Eighth Circuit denied both applications. *See Howard Lee Leach v. Arkansas Department of Correction,* No. 11-2185 (8th Cir. Aug. 29, 2011); *Howard Lee Leach v. State of Arkansas,* No. 16-3561 (8th Cir. Feb. 3, 2017).

II. **DISCUSSION**

After conducting the required initial review of a § 2254 habeas petition, a federal court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases in United States District Courts. As part of this initial review, the court is obligated to decide whether it has subject matter jurisdiction. *See Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("[F]ederal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*.").

Only the Eighth Circuit has the authority to permit Leach to file a successive § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Unless and until Leach obtains the required authorization from the Eighth Circuit to file a successive habeas petition, this Court lacks subject matter jurisdiction over this action. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007) (holding that, absent prior authorization, district courts lack jurisdiction to entertain a "second or successive" § 2254 habeas petition).

This is—at least—Leach's sixth § 2254 habeas action and his fourth "second or successive" petition, challenging his March 2000 convictions and sentence. Leach, however, did not obtain the requisite permission to file this action from the Eighth Circuit Court of Appeals before filing his October 6, 2023, petition. Accordingly, the Court lacks jurisdiction over Leach's Petition for Writ of Habeas Corpus (Doc. 2), and it should be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1. Leach's Petition for Writ of Habeas Corpus (Doc. 2) be DISMISSED, without prejudice.

2. Leach's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) be DENIED, as moot.

3. Leach's Motion for Scientific DNA Testing (Doc. 5) be DENIED, as moot.

4. Leach's Motion for Summary Judgment (Doc. 6) be DENIED, as moot.

5. A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)–(2); *see also* Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 2nd day of January, 2024.

*Benecia Moore*
_____
UNITED STATES MAGISTRATE JUDGE